FILED
SUPERIOR COURT
OF GUAM

2020 AUG 26 PM 1:29

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0229-20 |
| vs. | |
| **RANDY SAN NICOLAS QUICHOCHO,** DOB: 07/30/1979 | **DECISION AND ORDER** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on August 6, 2020, upon the Defendant's Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 40.50 for Release on Personal Recognizance or Unsecured Bond filed June 19, 2020 ("Motion for Bail Redetermination"). Defendant Randy San Nicolas Quichocho ("Defendant") was represented by Assistant Public Defender Brian Kegerreis. Attorney Christine S. Tenorio represented the People of Guam ("the People"). Having reviewed the pleadings and having heard oral arguments in this matter, the Court issues the following Decision and Order.

## BACKGROUND

On July 24, 2020, the Defendant was charged via Indictment with Aggravated Assault (as a Third Degree Felony) along with the Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony. *See* Indictment (Jul. 24, 2020). According to the Declaration attached to the Magistrate's Complaint, the charges against the Defendant are based on allegations surrounding an incident wherein the Defendant allegedly struck the victim by a vehicle driven by him. *See* Magistrate's Complaint (Apr. 29, 2020). The Defendant was arrested and committed at the Department of Corrections on April 29, 2020. *See* Commitment Order

(Apr. 29, 2020). The Defendant remains in custody pending the posting of Five Thousand Dollars ($5,000.00) cash bail. *Id.*

On June 19, 2020, the Defendant filed the instant Motion for Bail Redetermination. In his motion, the Defendant notes that the alleged victim in this matter indicated that he does not wish to pursue the charges that have been filed in this case, and that he does not oppose the Defendant's pretrial release. The People did not file a written Opposition to the Defendant's motion. However, at the bail hearing on August 6, 2020, the People noted their opposition. At the conclusion of the hearing, the Court took the matter under advisement.

## DISCUSSION

Guam law provides that "[a] person for whom conditions of release are imposed . . . and who after twenty-four (24) hours from the time of release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the Court." 8 GCA § 40.50.

Section 40.15 of Title 8 of the Guam Code states, that the Court must "order the person charged to be released on recognizance, *unless the judge determines*, in his discretion, on the basis of available information, that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 GCA § 40.15(b) (emphasis added). Further, Guam law requires that the Court impose the least onerous conditions necessary to ensure the person appears in court and to keep the community safe. 8 GCA § 40.20; *see Guam v. Song*, 2011 Guam 19 ¶ 11. In making such determination, the Court must consider the nature of the offense charged, the apparent possibility of conviction, and the likely sentence. 8 GCA § 40.15(c)(1). The Court must also consider a series other factors, such as the history and characteristics of the person charged, his reputation and character, his prior criminal record, any records of prior release on recognizance or on bail, and any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or any member of the community. *Id.* at (c)(2) through (6).

Here, the Court recognizes that the Defendant is a life-long resident of Guam and that he has close familial and social ties to Guam. The Court does not necessarily view the Defendant

as a flight risk. However, the Court notes the violent nature of the charges against the Defendant in this matter, as well as the Defendant's active case in Criminal Case No. CF0547-15 and his **moderate** ORAS-PAT score. Further, the Court is concerned with the Defendant's risk to the community and disregard for previous Court orders. At the time of the Defendant's arrest in the instant criminal matter, the Defendant had an outstanding bench warrant in CF0547-15 issued since September 3, 2019, for the Defendant's failure to appear at his Fourth Violation hearing regarding his continued failure to follow the terms and conditions of his probation in that felony matter. Thus, in consideration of the factors above, the Court finds that releasing the Defendant on personal recognizance is unwarranted at this time. Further, the Court finds that a Five Thousand Dollar ($5,000.00) cash bail is an appropriate amount. Accordingly, the Court hereby **DENIES** the Defendant's Motion for Bail Redetermination.

## CONCLUSION

For the reasons set forth above, the Defendant's Motion for Bail Redetermination is **DENIED**.

IT IS SO ORDERED _____ AUG 2 6 2020 _____.

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
AG Prosecution,
POSC
Date: 8/26/20 Time: 1:59 p
Antonia Cruz
Deputy Clerk, Superior Court of Guam

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**